UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 22-76-DLB-CJS

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                             **REPORT AND RECOMMENDATION**

JAMES STRATMAN                                                        DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 10, 2022, an Indictment was returned in open court charging Defendant James Stratman with bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). (R. 1). Stratman appeared before this Court on December 6, 2022, for an initial appearance and arraignment on the Indictment, at which time he entered a plea of not guilty and a trial date was set. (*See* R. 9). Stratman moved for a general continuance of his detention hearing, which the Court granted. (*Id.*).

On January 13, 2023, Stratman, by and through counsel, filed a Motion for Psychiatric Exam (R. 15) and an Amended Motion for Psychiatric Exam (R. 16) pursuant to 18 U.S.C. § 4241. The Court scheduled a Motion Hearing for January 24, 2023. (R. 17). The United States did not oppose Defendant's request for competency hearing and evaluation in furtherance of said hearing. In support of a competency evaluation, counsel referenced that based upon defense counsel's conversations with Stratman and his medical history, she had concerns about his competence and believed he "may presently be suffering from a mental disease or defect requiring treatment in a suitable facility." (*See* R. 15). Stratman's Motion was granted, and he was ordered to undergo a custodial evaluation pursuant to 18 U.S.C. § 4241 through the Bureau of Prisons (BOP) prior to a

competency hearing being held.  (*See* R. 18; R. 19).  The Federal Detention Center (FDC) in Miami, Florida was designated by the BOP as the facility to conduct the evaluation and Stratman was ordered transported there.  (*See* R. 21).

Stratman arrived at FDC Miami on March 7, 2023 and, after COVID-19 quarantine, participated in the evaluation process.  (R. 22).  On May 2, 2023, the Court received the Forensic Report of Lauren Schumacher, Psy.D., the forensic psychologist at FDC Miami who evaluated Stratman's competency, reviewed by Chief Psychologist Jessica M. Seaton, Ph.D.  (*See* R. 28). Dr. Schumacher stated in her report that Stratman was fully informed of the nature and purpose of the evaluation and agreed to participate to the best of his ability.  (*Id.* at Page ID 62).  Dr. Schumacher's evaluation, conducted between March and May 2023, was based on clinical interviews, mental status examinations and psychological testing, as well as observation of Stratman's behavior at FDC Miami.  (*Id.* at Page ID 63).  Dr. Schumacher also reviewed Stratman's phone calls and emails while at FDC Miami.  (*Id.* at Page ID 66).  Discovery records and information were provided to the BOP by the United States Attorney's Office and defense counsel, including Stratman's medical, mental health, and academic records and prior evaluations.  (*Id.* at Page ID 63).  The Forensic Report concludes, based upon the evaluation process, that "Stratman demonstrated no symptoms of an active mental illness that would interfere with his rational understanding of the proceedings or his ability to assist toward his defense."  (*Id.* at Page ID 71). In other words, that Stratman is competent to proceed forward in this prosecution and stand trial. Following receipt of the Forensic Report and Stratman's return to this District, a competency hearing was scheduled.

At the July 6, 2023, competency hearing, the parties stipulated to the admissibility of Dr. Schumacher's Forensic Report, including the findings and opinions therein.  (*See* R. 27).  Dr.

Schumacher did not testify at the competency hearing and no further proof was offered by either party. (*Id.*). After hearing from counsel, the Court took the matter under advisement for the issuance of a report and recommendation. (*Id.*).

To be competent to stand trial, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). *See also* 18 U.S.C. § 4241(a); *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008). Following a hearing, a defendant is not competent if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). In determining competency, a court may consider several factors, including evidence of a defendant's demeanor, and any medical opinions on competence to stand trial. *Miller*, 531 F.3d at 348.

In this case, because the parties have stipulated to both the admissibility and substance of Dr. Schumacher's Forensic Report, proof of current competency largely consists of the analysis of Dr. Schumacher as contained in that Report. (R. 28). The Forensic Report is a comprehensive assessment of Stratman's history, physical and mental condition, and circumstances. (*Id.*).

Dr. Schumacher opined that during the observation period, Stratman "exhibited no difficulties in communication, self-care, or other activities related to daily living." (*Id.* at Page ID 66). Stratman was reportedly observed "appropriately interacting with staff and his peers" and in the monitoring of his telephone and email communications, he engaged in "relevant, reciprocal conversation." (*Id.*).

3

During the course of his evaluation, Stratman "was cooperative and appeared motivated to engage in evaluations procedures." (*Id.* at Page ID 67). The Report notes that Stratman was prescribed Zyprexa to treat Anxiety Disorder and Major-Depressive Disorder, and a diagnosis of Posttraumatic Stress Disorder (PTSD) was assigned. (*Id.*). Stratman underwent testing, including the Wechsler Abbreviated Scale of Intelligence (WASI-II) to determine his IQ range. (*Id.* at Page ID 67-68). Stratman's IQ fell in the average range. (*Id.*). Stratman also completed the Validity Indicator Profile (VIP), where Stratman's performance was considered valid on the verbal subtest and compliant on the non-verbal component. (*Id.*). Dr. Schumacher opined that while the VIP is not designed as a direct measure of reasoning ability or general comprehension, Stratman's performance suggests "at least average or higher nonverbal reasoning and word knowledge." (*Id.*).

Dr. Schumacher also administered the Minnesota Multiphasic Personality Inventory (MMPI-3), which is an objective measure of personality and psychiatric characteristics. (*Id.*). Dr. Schumacher reported that Stratman "appeared to have responded relevantly to items on the basis of their content" but noted that he "endorsed a larger than average number of infrequent responses, as well as symptomatology rarely reported by individuals with genuine, severe psychopathology." (*Id.*). She concluded that the following findings should be interpreted with caution "given [Stratman's] pattern of over-reporting." (*Id.*). Noting that qualifier, she still opined that his pattern of responding was suggestive of a significant substance abuse history. (*Id.*). Stratman reported a tendency to "act out" when bored, behaviors and experiences related to impulsivity and elevated mood, a hostile and distrustful view of others, and "thought content reflective of persecution and belief that others wish to cause him harm." (*Id.*).

Overall, Dr. Schumacher reported that Stratman's mental status was unremarkable throughout the course of the evaluation period. (*Id.*). She noted that while Stratman endorsed

intermittent experience of anxiety and sleep difficulties, these appeared "largely managed" by medication and coping skills available to him. (*Id.*). She opined that a diagnosis of Unspecified Trauma-and-Stressor-Related Disorder appeared to be an appropriate classification for Stratman. (*Id.*).

Ultimately, on the issue of competency, Dr. Schumacher found that "Mr. Stratman demonstrated no symptoms of an active mental illness that would interfere with his rational understanding of the proceedings or his ability to assist toward his defense." (*Id.* at Page ID 71). Stratman's performance on competency related objective testing administered to him–the GCCT-MSH (measuring legal knowledge and abilities related to trial competency) and the MacCAT-CA (measuring knowledge and abilities related to the legal process and courtroom procedures)—was consistent with persons competent to proceed to trial and he had minimal to no impairment of his understanding, reasoning, and appreciation. (*Id.* at Page ID 70-71). Stratman demonstrated an understanding of courtroom personnel and their roles, including the judge, jury, witnesses, the prosecutor, and his attorney. (*Id.* at Page ID 70). Stratman identified the name and contact information for his attorney and reported "continued intent to engage in honest communication" with her. (*Id.*). Stratman also identified his legal charges and the possible penalties should he be convicted. (*Id.* at Page ID 71). Dr. Schumacher opined that based on the evaluation, Stratman "appears to have a sufficient understanding of the legal process and a capacity to assist in his own defense. Hence, [his] degree of trial competency is satisfactory," and she thus recommends that he be found competent to stand trial. (*Id.*).

Upon reviewing Dr. Schumacher's report, the Court finds that the opinion of Dr. Schumacher as to Stratman's competency is credible and based on a wide range of relevant information. No contradictory evidence was presented that would indicate Stratman is

5

incompetent or that otherwise challenges Dr. Schumacher's findings that Stratman is competent to proceed. The evidence indicates that Stratman has a sufficient grasp of the facts of the case and the evidence against him to assist his attorney in his defense. In addition, review of the record, as well as the Court's observations during court proceedings, further support a finding that Stratman can currently consult with his lawyer with a reasonable degree of rational understanding, can otherwise assist in his defense, has a factual understanding of the charges against him, and has a rational understanding of the criminal proceedings in this case.

Accordingly, it is hereby **RECOMMENDED** that the presiding District Judge find Defendant James Stratman competent to face further proceedings, including standing trial.

Ordinarily, the parties would be directed to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. That is, specific written objections would have to be filed within 14 days of service of this Report and Recommendation, with failure to object per Rule 59(b) waiving a party's right to review. **However, in this case, the parties agreed at the competency hearing to waive the period for the filing of objections so that this Report and Recommendation could be promptly submitted to District Judge Bunning for his immediate consideration.**

Signed this 21st day of July, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\criminal cov\2022\22-76-DLB-CJS R&R re competency.docx