UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 22-76-DLB

UNITED STATES OF AMERICA                           PLAINTIFF

V.                          **PLEA AGREEMENT**

JAMES STRATMAN                                             DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to a one-count Indictment, charging a violation of 18 U.S.C § 2113(a) (bank robbery). Pursuant to 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the crime charged are:

     (a) The Defendant took money, that is $1,583, from the person of another, while that money was in the care or custody of the U.S. Bank;

     (b) Such taking or attempted taking was by force, violence, or intimidation; and

     (c) The deposits of the U.S. Bank were then insured by the Federal Deposit Insurance Corporation.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about September 26, 2022, the Defendant entered the U.S. Bank in Covington, Kenton County, and showed the bank teller a note that indicated that the Defendant was robbing the bank. The Defendant then told the teller, "don't be stupid," and to not notify anyone. The teller gave the Defendant $1,583. After receiving the money, the Defendant retrieved the note and fled from the bank on foot.

(b) Surveillance video showed the Defendant enter and drive away from the area of the U.S. Bank in a 2020 blue Honda Civic (the "Honda Civic"). Approximately one hour after the bank robbery, law enforcement located the Defendant in the Honda Civic and attempted to pull over the vehicle. Rather than pull over, the Defendant led law enforcement on a high-speed chase through Covington and into Cincinnati. During the chase, the Defendant drove through at least one busy intersection when he did not have the right of way.

(c) The Defendant was arrested nine days later on October 5, 2022. Officers seized an Apple iPhone from the Defendant's person. Officers searched the Apple iPhone and located a video, dated September 26, 2022, that showed the hands of a white male with a large amount of cash in what appears to be the Honda Civic. Location information for the Defendant's cell phone also placed him in the vicinity of the U.S. Bank at the time of the bank robbery.

(d) Two days prior to the bank robbery, on September 24, 2022, the Honda Civic was stolen from a parking lot in Newport, Kentucky. Surveillance video of the theft shows a person that matches the description of the Defendant steal the vehicle, and the Defendant admits that he stole the Honda Civic.

(e) At the time of the events described herein, U.S. Bank was insured by the Federal Deposit Insurance Corporation.

4.   The statutory punishment for the crime charged is not more than 20 years imprisonment, not more than a $250,000 fine, and not more than 3 years of supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5.   Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.) November 1, 2021, manual will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

(c) Pursuant to U.S.S.G. § 2B3.1(a), the base offense level is 20.

(d) Pursuant to U.S.S.G. § 2B3.1(b)(1), increase the offense level by 2 levels because the offense involved a financial institution.

(e) It is the position of the United States that the offense level should be increased by 2 levels because the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. The Defendant may oppose such adjustment.

(f) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. Because the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g) Pursuant to U.S.S.G. § 5E1.1, restitution is $1,583, and the victim is the U.S. Bank.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the

length of term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/21/23         By: *(signed)*
Kyle M. Winslow
Assistant United States Attorney

Date: 8/16/23         *(signed)*
James Stratman
Defendant

Date: 8/16/23         *(signed)*
Lindsay Rump
Attorney for Defendant