UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 22-76-DLB-CJS

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

V.             **UNITED STATES'S SENTENCING MEMORANDUM**

JAMES STRATMAN                                                                                              DEFENDANT

\* \* \* \* \*

Pursuant to the Court's Order, the United States submits the following Sentencing Memorandum. [R. 35: Order.] The Defendant robbed a bank and used a vehicle that he stole as the getaway car. After the robbery, the Defendant successfully fled from police in that vehicle by excessively speeding through urban areas while ignoring numerous traffic signs. As set forth below, the United States recommends a sentence of 54 months imprisonment followed by three years supervised release.

I.      **Factual Background**

    A.      **The Defendant's offense conduct**

On September 24, 2022, the Defendant stole a Honda Civic from a parking lot in Newport. Two days later, he parked that same vehicle at a liquor store on Russell Street in Covington, walked several blocks to the U.S. Bank on Madison Avenue, and robbed it. Specifically, the Defendant approached the bank teller, handed her a note requesting money, and instructed her not to call anyone until 10 minutes after the robbery.

1

[Presentence Investigation Report (PSR) ¶ 7.]  The teller promptly complied and gave the Defendant $1,583 from her cash drawer.  [*Id.*] The Defendant then fled from the bank and returned to the vehicle.  [*Id.*]  The bank promptly reported the robbery to police.

One hour later, FBI Special Agent Brad Harvey observed an individual (the Defendant) in the getaway vehicle in the area of the off-ramp from I-71/75 to 12th Street/MLK Jr. Boulevard.  Agent Harvey notified Covington Police, who then attempted to stop the vehicle just moments later at the intersection of 12th Street and Madison Avenue.  Once officers activated their emergency lights, the Defendant initiated a high-speed chase (speeds reached 80 miles per hour at one point) in which he ran numerous stop signs.  The chase continued into Newport where the Defendant drove through a residential yard.  Officers terminated their pursuit after the Defendant crossed into Cincinnati over the Taylor-Southgate bridge.

   **B.**  **Procedural history and Guidelines range**

On November 10, 2022, the grand jury charged the Defendant with bank robbery, in violation of 18 U.S.C. § 2113(a).  [R. 1:  Indictment.]  On August 25, 2023, the Defendant pleaded guilty pursuant to a plea agreement that recommended a base offense level 20 and two-level enhancement under U.S.S.G. § 2B3.1(b)(1) because the offense involved a financial institution.  [PSR ¶ 4; R. 32: Plea Agreement ¶ 5.]  In preparing the Defendant's PSR, U.S. Probation recommended an additional two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight.  [*Id.* ¶ 19].  The United States agreed with that recommendation; the Defendant did not.  If the Court applies the

enhancement, the Guidelines suggest a term of imprisonment of 46-57 months.  [*Id.* ¶ 70.]

II.     **Objections to the Presentence Investigation Report**

   A.   **U.S. Probation correctly applied the two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2**

The Defendant objects to a two-level enhancement for reckless endangerment during flight.  Under U.S.S.G. § 3C1.2, that enhancement applies if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."  Probation correctly applied the enhancement.

Under the Sixth Circuit's five-part test, the enhancement applies if the Defendant (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and the conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.  *United States v. Dial*, 524 F.3d 783, 786-787 (6th Cir. 2008) (quoting *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005)).  The government is not required to "demonstrate that the underlying offense caused either the reckless endangerment during flight or the flight itself," only that a "sufficient nexus existed between the underlying offense and the reckless flight."  *Id*.  In determining whether a sufficient nexus exists, courts consider evidence of the "defendant's state of mind" during the flight and the "temporal and geographic proximity" between the flight and the

underlying offense as supplemental factors. *Id*. (quoting *Southerland*, 405 F.3d at 268-269).

The Defendant concedes that prongs one through four of the five-part test are satisfied but claims there is an insufficient nexus between the bank robbery and the reckless flight. [*See* R. 36: Sentencing Memo. at Page ID# 95.] That claim lacks merit. The Defendant initiated the flight just blocks away from the bank he robbed an hour earlier. He was in the same vehicle that he used to travel to and from the bank robbery. Additionally, a video recovered from the Defendant's cell phone shows a significant amount of cash (just like the robbery proceeds) inside a vehicle shortly after the robbery. [*See* R. 32: Plea Agreement ¶ 3(c).] Specifically, the video shows a person's hand shifting through a large stack of cash overtop a vehicle gearshift that appears to match the stolen vehicle, and cell phone data shows the video was created approximately 15 minutes before the Defendant's flight from police. The suggestion that the flight was nevertheless unrelated to the bank robbery because the Defendant had also committed another crime from which he would flee (*i.e.*, the theft of the vehicle used in the bank robbery) is implausible. Because a nexus exists between the bank robbery and the reckless flight, probation correctly applied the enhancement under U.S.S.G. § 3C1.2.

**III.    Recommended Sentence**

Considering the factors under 18 U.S.C. § 3553(a), a sentence of 54 months imprisonment followed by three years supervised release is sufficient but not greater than necessary to account for the nature and circumstances of the offense, the history and

characteristics of the Defendant, and the needs to promote respect for the law, provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

The nature and circumstances of the Defendant's bank robbery offense are serious. The Defendant robbed a bank and used a stolen vehicle as a getaway car. The fact that he stole the vehicle two-days earlier, presumably to conceal detection for the bank robbery, shows that the crime was thought out, planned, and not spontaneous.

The history and characteristics of the Defendant also support a sentence in the upper range of the Guidelines. The instant offense reflects the Defendant's pattern of initiating pursuits with police and endangering others while driving. The Defendant has twice previously fled from law enforcement under dangerous circumstances. [PSR ¶¶ 31-32.] In one of those instances, the passenger in his vehicle was ejected and hospitalized. The fact that the Defendant knows firsthand the dangers of police pursuits and yet fled officers in this case is an aggravating factor that shows a profound lack of respect for the law and the public's safety.

Finally, deterrence is also an important factor here and warrants a strong sentence. Although the Defendant is just 23 years old, he encountered law enforcement numerous times as a juvenile. The Defendant's prior conduct, substance abuse history, mental health issues, and lack of steady employment, indicate a serious recidivism risk. A sentence in the upper range of the Guidelines is therefore necessary to protect the public from future crimes of the Defendant.

**IV.     Conclusion**

For the foregoing reasons, the Defendant should be sentenced to a term of 54 months imprisonment followed by three years of supervised release. Additionally, restitution in the amount of $1,583 should be awarded to U.S. Bank. [*See* R. 32: Plea Agreement ¶ 5(g); PSR ¶ 80.]

                             Respectfully submitted,

                             CARLTON S. SHIER, IV
                             UNITED STATES ATTORNEY

By:   /s/ Kyle M. Winslow
        Assistant United States Attorney
        207 Grandview Drive, Suite 400
        Ft. Mitchell, Kentucky 41017
        (859) 655-3200
        FAX (859) 655-3212
        kyle.winslow@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2023, I filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to counsel for the Defendant.

                             /s/ Kyle M. Winslow
                             Assistant United States Attorney